**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JEFFERY RASHAD MIDDLETON,**

      **Plaintiff,**

**vs.**                         **Case No. 4:08cv452-RH/WCS**

**SCOTT G. MAY, et al.,**

      **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

The *pro se* Plaintiff in this civil rights case filed pursuant to 42 U.S.C. § 1983, has

filed a motion for preliminary injunction, doc. 22, on March 2, 2009.  Several days later,

Plaintiff filed a motion seeking leave to amend the complaint, doc. 25.  Because Plaintiff

did not submit a copy of the proposed amended pleading with his motion, the motion

has been denied in an order separately entered on this day.  Plaintiff has been given

leave to re-submit the motion, accompanied by the proposed amended pleading

pursuant to N.D. Fla. Loc. R. 15.1, on or before April 20, 2009.

As for the motion for a preliminary injunction, doc. 22, Plaintiff seeks a broad

injunction against "all state employees" to prevent retaliation against him, and to prevent

Defendants or any other persons from "verbally, emotionally, mentally or physically abuseing [sic] the Plaintiff . . . ." Doc. 22. Though not entirely clear, Plaintiff's motion also appears to request an order directing Plaintiff's transfer. *Id.*

Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983). Guiding this discretion is the required finding that plaintiff has established:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury if the injunction were not granted;

(3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and

(4) that granting the injunction would not disserve the public interest.

Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

Because Plaintiff has sought leave to amend, doc. 25, and Plaintiff has not yet filed the proposed amended pleading, it cannot be said that Plaintiff has shown a substantial likelihood of success on the merits. Furthermore, the insufficiency of Plaintiff's motion for a preliminary injunction does not reveal Plaintiff faces a substantial threat of irreparable harm. Indeed, Plaintiff has failed to show within his motion any

harm at all.  Plaintiff has correspondingly failed to meet the prerequisites for injunctive relief and the instant motion must be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for a preliminary injunction, doc. 22, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on March 19, 2009.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**