**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**JEFFERY RASHAD MIDDLETON,**

      **Plaintiff,**

**vs.**                               **Case No. 4:08cv452-RH/WCS**

**SCOTT G. MAY, et al.,**

      **Defendants.**

_____/


## SECOND REPORT AND RECOMMENDATION[1]

Defendant Bockelman filed a motion to dismiss, doc. 52, which was adopted by

Defendant Millender, doc. 63. Defendants have moved to dismiss the claims raised

against them for failure to exhaust administrative remedies. Plaintiff, an inmate

proceeding *pro se* and *in forma pauperis* in this action, was directed to file a response,

docs. 53,57, and Defendants then sought leave to file a reply to Plaintiff's response.

Doc. 64. I have considered the motions to dismiss, docs. 52 and 63, Plaintiff's

response, doc. 60, and Defendants' reply, doc. 65.

---

[1] The first report and recommendation entered denied Plaintiff's motion for a
preliminary injunction. Docs. 22, 27, and 33.

**Allegations of the second amended complaint**

While incarcerated at Franklin Correctional Institution, officers came to search the cell Plaintiff shared with another inmate and both prisoners were required to exit the cell. Doc. 28, pp. 9-10. When the search was over and Plaintiff was ordered back into the cell, Plaintiff asked why his cell was searched. *Id.*, at 10-11. Plaintiff and his cellmate were ordered to exit the cell again, officers gathered Plaintiff's property, and Plaintiff was taken to the confinement shower. *Id.*, at 11. While there, Defendant Hobbs contacted Defendant May and reported Plaintiff was being disruptive and disorderly. *Id.* A short time later Plaintiff was sprayed with chemical agents while restrained in handcuffs, although Plaintiff alleges he was not causing a disturbance. *Id.*, at 12-13. Plaintiff was issued three disciplinary reports for creating a minor disturbance, disrespect to officials, and for a spoken threat. *Id.*, at 15.

Defendant Millender, a Lieutenant at the Institution, and Defendant Bockelman, a classification officer, sat as the disciplinary team to hear the charges brought against Plaintiff. *Id.*, at 8, 15. Plaintiff claims Defendants Millender and Bockelman denied him his right to be present at the hearing, and disregarded his evidence (three witness statements and the confinement camera video footage). *Id.* Plaintiff claims the Defendants boasted about "how inmates get sprayed all the time with handcuffs on at Franklin C.I." *Id.* Plaintiff was returned to his call and alleged he was not even permitted to "hear the charges that his accusers [were] charging him with." *Id.* Plaintiff was found guilty on all three charges on August 7, 2008. *Id.*

**Defendants' arguments**

Defendants contend Plaintiff did not grieve the issue of the disciplinary proceedings in the grievances he submitted. Doc. 52, p. 3.[2] Defendants acknowledge that Plaintiff "grieved the issue and complaint of the chemical agent incident," but argue that he did not grieve "any issue concerning his disciplinary proceedings." *Id.*, at 4. Defendants assert that the alleged use of excessive force is "separate and distinct from his claims of deprived due process at his disciplinary proceedings, and must be grieved as such." *Id.*

Defendants note the applicable rules provide for expedited review of challenges to disciplinary action, "allowing the inmate to bypass the informal grievance process." *Id.*, at 4, *citing* FLA. ADMIN. CODE R. 33-103.005(1). An inmate must file a formal grievance at the institution level and then can proceed to file an appeal at the Department's Central Office Bureau of Inmate Grievance Appeals. *Id.* The rules require a grievance or appeal to "address only one issue or complaint." *Id.*, *citing* FLA. ADMIN. CODE R. 33-103.006(1)(g), 33-103.007(1)(g).

**Plaintiff's Response**

Plaintiff claims that a formal grievance must be filed within 15 calendar days of the incident being grieved. Doc. 60, p. 2. Plaintiff contends that he was housed in confinement and, according to Department rules, he had to submit a request form to get his personal property. Doc. 60, p. 2. By the time he received his property on August

---

[2] As Defendant Millender adopted Defendant Bockelman's motion to dismiss, only the arguments and evidence presented in the motion, doc. 52, will be outlined.

23, 2008, he alleges "the time he had to appeal the decision the hearing team made was overdue." *Id.*

Plaintiff states that he did file a "General Affidavit Complaint on all subjects that was [sic] involved in the violation of his Constitutional rights . . . on October 2, 2008 date." Doc. 60, p. 2. Plaintiff states that through discovery, he could submit the "General Affidavit document" that he filed on October 2nd, but could not so by the deadline provided to respond to the motion to dismiss. *Id.*, at 3. Plaintiff requests that the motion to dismiss be denied until he can obtain the discovery to provide the October 2, 2008, document. *Id.*, at 3-4.

Attached to Plaintiff's response is his declaration in opposition to the motion to dismiss. Doc. 60-3, pp. 1-3. Plaintiff's statement is signed under penalty of perjury. *Id.*, at 2. Plaintiff reiterates that he "filed a general affidavit complaint about the deprivation of a adequate disciplinary hearing . . . ." *Id.*, at 1.

**Defendants' Reply**

Defendants were given leave to file a reply to Plaintiff's response. In the reply, Defendants note that Plaintiff's disciplinary hearings were held on August 7, 2008. Doc. 65, p. 2. Plaintiff stated that he did not receive his personal property until August 23, 2008, but Defendants argue that Plaintiff "failed to demonstrate how, whether he had his personal property or not, impacted his filing of a grievance." *Id.* Grievances are available to inmates "in any living unit.' *Id., citing* Fla. Admin. Code R. 33-103.015(2). Plaintiff fails to "allege that he ever requested a grievance form or that upon request a grievance form was denied to him." *Id.*

**Analysis**

When the Prison Litigation Reform Act was enacted, Congress mandated that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a), *see* doc. 52, pp. 2-3.  The exhaustion requirement of § 1997e(a) is mandatory, whether a claim is brought under § 1983 or Bivens.  Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998).  The exhaustion requirement of § 1997e(a) is not jurisdictional.  Bryant v. Rich, 530 F.3d 1368, 1374 n.10 (11th Cir.), *cert. denied*, 129 S.Ct. 733 (2008) (citing Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2392, 165 L.Ed.2d 368 (2006)).  There is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing.  Alexander, 159 F.3d at 1325; *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Brown v. Sikes, 212 F.3d 1205, 1207-08 (11th Cir. 2000) (finding that an inmate must "provide with his grievance all relevant information reasonably available to him" but he cannot be required to name individuals responsible for challenged conduct when he could not yet identify those persons).  Even where an inmate seeks only monetary damages in a civil rights case, he must complete the prison administrative process if it could provide some sort of relief on the complaint although no money could be given

administratively. <u>Booth v. Churner</u>, 531 U.S. 956, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001). "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." <u>Jones v. Bock</u>, 549 U.S. 199, 204-209, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007)[3].

A prisoner must also comply with the process set forth and established by the grievance procedures. *See* <u>Miller v. Tanner</u>, 196 F.3d 1190, 1193 (11th Cir. 1999). In other words, not only must a prisoner exhaust a claim under § 1997e(a), the "PLRA exhaustion requirement requires proper exhaustion." <u>Woodford v. Ngo</u>, 548 U.S. 81, 93, 126 S.Ct. 2378, 2387 (2006) (concluding that "proper exhaustion" means complying with the specific prison grievance requirements, not judicially imposed requirements). Even if a grievance is initially denied as untimely, a prisoner must appeal the denial of the grievance. *See* <u>Harper v. Jenkin</u>, 179 F.3d 1311 (11th Cir. 1999)(noting Georgia's inmate grievance procedures allow "the grievance coordinator to waive the time period for filing a grievance if 'good cause' is shown"); <u>Bryant v. Rich</u>, 530 F.3d at 1373. If one claim is unexhausted, the Court may separate that claim out and proceed on only those claims that have been exhausted. <u>Brown</u>, 212 F.3d at 1206, n.1; <u>Jones</u>, 549 U.S. at 223, 127 S.Ct. at 925 (rejecting a "total exhaustion rule" and requiring dismissal only of those unexhausted "claims," not an entire "action.").

---

[3] The Court further rejected the view of the Sixth Circuit when it concluded that "nothing in the statute [§ 1997e(a)] imposes a 'name all defendants' requirement." <u>Jones v. Bock</u>, 549 U.S. at 217-219, 127 S.Ct. at 922-923 (concluding "that exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances.").

The rules state that "[w]riting paper and writing utensils shall be provided to those inmates who have insufficient funds" to purchase such, and are available from "the housing officer of any living unit or confinement unit." FLA. ADMIN. CODE R. 33-103.015(7). Grievances "submitted by confinement inmates are collected on a daily basis" and could have been submitted by Plaintiff within the designated time. *See* FLA. ADMIN. CODE R. 33-103.015(11). A formal grievance should have been filed within "15 calendar days from" the date of the disciplinary hearing, and an extension of time may be "granted when it is clearly demonstrated by the inmate . . . that it was not feasible to file the grievance within the relevant time periods . . . ." FLA. ADMIN. CODE R. 33-103.011(1)(b)2, (2).

There is no dispute that Plaintiff did not submit a grievance within the fifteen day period permitted by the rules of the Department of Corrections. There is also no dispute that the alleged due process violations in the hearing are separate and distinct claims against the two Defendants who were not involved in the use of force. The matter must have been grieved separately. Plaintiff admits he did not do so, yet claims he was unable to submit a formal grievance because he was not provided his personal property during the time in which he should have filed the formal grievance.

As noted by Defendants, the inability to have one's personal property such as pens, paper, books, reading glasses and other such materials has no bearing on Plaintiff's inability to submit a formal grievance. Plaintiff did not need personal property to file a grievance. All he needed to do was request a formal grievance form and a pencil or pen. If, for some reason, Plaintiff could not have filed a grievance during the

relevant time frame because, for example, he needed glasses or some other item from his personal property, Plaintiff *could* have requested permission to file a grievance out of time.  Plaintiff did not make such a request.  It is not apparent that Plaintiff needed any property, however, despite his claim that he did not have his property.  Plaintiff's submission of a "General Affidavit Complaint" is not an approved step in the Department's grievance system and does not demonstrate exhaustion no matter when it may have been submitted.  The motion to dismiss, doc. 52, should be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss, doc. 52, be **GRANTED**, as Plaintiff did not exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e) concerning his claims against Defendant Bockelman and Millender, that those Defendants be **DISMISSED** from this action, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 8, 2009.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**